IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HERMAN DOUGLAS CARTER, JR., #83346-020                        PETITIONER

VERSUS                                   CIVIL ACTION NO. 5:09cv40-DCB-MTP

UNITED STATES OF AMERICA, et al.                              RESPONDENTS

MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Institute, Yazoo City (FCI-Yazoo), Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on March 20, 2009, and paid the required filing fee. The named respondents are the United States of America and Bruce Pearson, Warden.

Petitioner states that he was found guilty by a jury of aggravated sexual abuse within the jurisdiction of the United States and kidnaping in the United States District Court for the Middle District of Georgia, U.S. v. Carter, criminal case number 4:91-cr-001, and the judgment was entered on June 21, 1991. He was sentenced to 327 months of imprisonment. According to his petition, petitioner appealed his conviction and it was subsequently affirmed by the United States Court of Appeals for the Eleventh Circuit on August 14, 1992. He then filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the Middle District of Georgia and it was denied on June 7, 2000.

Petitioner files the instant petition for habeas relief pursuant 28 U.S.C. § 2241 based on the following grounds for habeas relief:

> GROUND ONE: The District Court[s] lacks subject matter jurisdiction to try/prosecute and/or convict.
>
> GROUND TWO: The indictment is vague and uncertain and that an unconstitutional conviction is void.

(Pet. [1] p.4).

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992). However, the § 2241 petition presently before this Court concerns the validity of the petitioner's conviction and sentence, not the execution of his sentence. Therefore, for the reasons set forth below, petitioner cannot maintain the instant § 2241 petition for habeas relief.

This Court finds that the petitioner he is not challenging the execution of his sentence, *i.e.*, how the Bureau of Prisons has calculated his sentence, but is challenging the validity of the conviction and sentence, *i.e.*, the district court did not have jurisdiction to convict him and the indictment was vague and uncertain. "Section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683

(5th Cir. 1997) (citing <u>Cox v. Warden, Fed. Detention Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990). This Court does not have jurisdiction to address the constitutional issues presented by petitioner as they regard the actual validity of his conviction and sentence and are the proper subject for a § 2255 motion which must be pursued in the United States District Court for the Middle District of Georgia where he was convicted and sentenced.

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001).[1] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000). The United States Court of Appeals for the Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate

---

[1] 28 U.S.C. § 2255 states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

3

or ineffective" requirement. See Reyes-Requena, 243 F.3d 893 (5th Cir.2001). The Fifth Circuit held the savings clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
>
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904. The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." Id. at 903.

To meet the first prong of the Reyes-Requena test, petitioner must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena, 243 F.3d at 904. The petitioner has failed to provide any support to satisfy this requirement. Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test. Moreover, the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or

4

ineffectiveness of the remedy.'" Pack, 218 F.3d at 452 (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)). Therefore, since the petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

For the reasons discussed above, this cause filed pursuant to 28 U.S.C. § 2241 will be dismissed with prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed with prejudice for this Court's lack of jurisdiction.

A separate Final Judgment will be entered in the instant case.

SO ORDERED this the __14th__ day of May, 2009.

　　　　　　　　　　　　　　　　　　_s/ David Bramlette_
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE